### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

AKUBE WUROMONI NDOROMO,

        Plaintiff

    v.

WILLIAM BARR, *et al.*,

        Defendants

Civil Action No. 19-3781 (CKK)

### MEMORANDUM OPINION
(August 31, 2020)

Pro se Plaintiff Akube Ndoromo brings this lawsuit against Defendants William Barr and Timothy Shea requesting "restitution of his funds, and damages" totaling $1,048,357,812.17. Compl., ECF No. 1-1. Pro se Plaintiff's Complaint is challenging to follow; but, as the Court reads the Complaint in conjunction with other filings, Plaintiff appears to state three claims for relief. First, Plaintiff alleges that his assets, including bank accounts, businesses, and other properties, were wrongfully forfeited. Second, Plaintiff contends that Defendants violated the False Claims Act. Third, Plaintiff argues that Defendants violated 12 USC § 1817 by wrongfully taking his property and funds. Defendants have moved for the dismissal of all of Plaintiff's claims. And, Plaintiff has moved for the recusal of the undersigned Judge. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will DENY

---

[1] The Court's consideration has focused on the following documents:
- Defs.' Mot. to Dismiss Pl.'s Compl. ("Defs.' Mot."), ECF No. 6;
- Pl.'s Mot. for Recusal of Judge Colleen Kollar-Kotelly and Defendant Never Respondent to April 10, 2020 Order by Judge Amy Berman Jackson's ("Pl.'s Mot."), ECF No. 9;
- Defs.' Res. to Pl.'s Mot. for Recusal ("Defs.' Res."), ECF No. 12;
- Pl.'s Responding to Judge's Order of April 28, 2020, Def. Continues to File Liars and False Misleading the Court and Failed to Respond to Order of April 10, 2020, also Failed to Answer the Complaint What is Missing is Initial Conference for Presentation of Facts,

Plaintiff's Motion for Recusal as Plaintiff has stated no legitimate grounds for the undersigned

Judge's recusal. The Court will further GRANT Defendants' Motion to Dismiss as Plaintiff has

failed to state a plausible claim for which relief may be granted.

## I. BACKGROUND

For the purposes of the motion before the Court, the Court accepts as true the well-pled

allegations in Plaintiff's Complaint.  The Court does "not accept as true, however, the plaintiff's

legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm.*

*on Foreign Inv. in the United States*, 758 F.3d 296, 315 (D.C. Cir. 2014).  Further, because

Plaintiff proceeds in this matter pro se, the Court must consider not only the facts alleged in

Plaintiff's Complaint, but also the facts alleged in Plaintiff's other filings.  *See Brown v. Whole*

*Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) ("a district court errs in failing to

consider a pro se litigant's complaint 'in light of' all filings, including filings responsive to a

motion to dismiss") (quoting *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999));

*Fillmore v. AT & T Mobility Servs. LLC*, 140 F. Supp. 3d 1, 2 (D.D.C. 2015) ("the Court, as it

must in a case brought by a pro se plaintiff, considers the facts as alleged in both the Complaint

and Plaintiff's Opposition to Defendant's Motion to Dismiss").  The Court recites only the

background necessary for the Court's resolution of the pending Motion to Dismiss.

Plaintiff's allegations appear to stem from the seizure of Plaintiff's funds and other

property which resulted from a guilty verdict in the criminal matter, *United States v. James*, Case

---

Truth, and Evidence in Black and White Under Oath for Defendant as well as for Plaintiff
to Set the Trial ("Pl.'s Res."), ECF No. 13;  and

- Pl. Want to Know the Status of the Case Nothing Received after last Filing of June 01,
2020, Memorandum of Points and Law Attachements for Initial Conference before Trial
Process ("Pl.'s Notice"), ECF No. 15.

In an exercise of its discretion, the Court finds that holding oral argument in this action would
not be of assistance in rendering a decision.  *See* LCvR 7(f).

No. 6-cr-19-EGS. In 2006, a federal grand jury returned a Superseding Indictment charging Plaintiff with multiple counts of healthcare fraud, false statements, and money laundering. *James*, Case No. 6-cr-19-EGS, ECF No. 3. The Superseding Indictment included a forfeiture allegation. *Id.* at 13-15. On March 30, 2007, a jury found Plaintiff guilty of one count of healthcare fraud, 11 counts of false statements related to healthcare matters, and eight counts of money laundering. *Id.* at ECF No. 37. The jury further returned a Special Verdict, finding that $1,856,812.71 and two vehicles represented property derived from or proceeds traceable to Plaintiff's criminal acts. *Id.* at ECF No. 41.

In 2008, Plaintiff was sentenced to 57 months of incarceration and 36 months of supervised release and was ordered to pay $1,856,812.71 in restitution. *Id.* at ECF No. 117. At sentencing, the judge indicated that the forfeiture of $1,856,812.71 and two vehicles were included as part of Plaintiff's sentence. *Id.* at ECF No. 152 at 2. Accordingly, on December 30, 2008, the court issued two final Orders of Forfeiture to that effect. *Id.* at ECF No. 122 (as to funds), 123 (as to vehicles).

Following the resolution of Plaintiff's criminal matter, the government continued its pursuit of the forfeiture of Plaintiff's funds and property in the civil forfeiture matter, *United States v. $455,273.72*, Case No. 5-cv-356-EGS. And, in 2011, the court granted the government summary judgment. The court explained that, because Plaintiff's conviction in his criminal case was based on the same facts as the civil forfeiture matter, Plaintiff's funds and property were subject to forfeiture as the proceeds of an unlawful activity. *$455,273.72*, Case No. 5-cv-356-EGS, ECF No. 73, 12-16.

Since that time, Plaintiff has filed appeals and otherwise attacked the results of his criminal and civil forfeiture matters. On October 10, 2018, Plaintiff filed a lawsuit very similar to

the one currently before the Court. *Nodormo v. Sessions*, 18-cv-2339(CKK). In that suit, Plaintiff

argued that his property had been improperly seized, that his guilty verdict in his criminal matter

should be overturned, and that the Government violated the False Claims Act. *Ndoromo,* 18-cv-

2339(CKK), Compl., ECF No. 1. On July 2, 2019, the Court dismissed Plaintiff's case, finding

that Plaintiff had failed to state any claim for which relief could be granted. Plaintiff appealed the

Court's dismissal, and the United States Court of Appeals for the District of Columbia Circuit

affirmed the dismissal. *Ndoromo*, 19-5211 (D.C. Cir. Feb. 13, 2020).

On November 18, 2019, Plaintiff filed in the Superior Court of the District of Columbia

this lawsuit, bringing substantially the same claims as his prior lawsuit. ECF No. 1-1. Plaintiff's

case was then removed to the United States District Court for the District of Columbia before

Judge Amy Berman Jackson. ECF No. 1. On April 10, 2020, Defendants filed a notice of related

case, and this case was ultimately reassigned to the undersigned Judge who had presided over

Plaintiff's prior case, *Nodormo v. Sessions*, 18-cv-2339(CKK). Currently pending before the

Court are Defendants' Motion to Dismiss and Plaintiff's Motion to Recuse.

## II. LEGAL STANDARD

Defendants move to dismiss Plaintiff's Complaint on multiple grounds. However, as the

Court finds that dismissal is proper for failure to state a claim, the Court shall concentrate on the

standard for dismissal set out in Federal Rule of Civil Procedure 12(b)(6).[2] According to Rule

12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim

upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if

it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556

---

[2] Defendants also move for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that portions of the Complaint are patently insubstantial, and 12(b)(5) for insufficient service of process.

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

The Court shall begin by explaining why recusal is inappropriate in these circumstances. The Court will next explain why dismissal is appropriate as Plaintiff has failed to state a claim for which relief may be granted.

### A. Recusal

In his Motion, Plaintiff argues that the undersigned Judge should be recused because this Judge previously dismissed Plaintiff's claims in *Nodormo v. Sessions*, 18-cv-2339(CKK). Plaintiff also argues that the Court "can't be a Judge and a witness at this same time period." ECF No. 9.

Pursuant to 28 USC § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 USC § 455(a). In assessing section 455(a) motions for recusal, the D.C. Circuit applies an "objective" standard: "Recusal is required when 'a reasonable and informed observer would question the judge's impartiality.'" S.*E.C. v. Loving Spirit Found., Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004) (quoting *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001*), cert. denied*, 534 U.S. 952 (2001)). Further, a party moving for recusal pursuant to Section 455(a) "must demonstrate the court's reliance on an 'extrajudicial source' that creates an appearance of partiality or, in rare cases, where no extrajudicial source is involved, ... a deep-

seated favoritism or antagonism that would make fair judgment impossible." *Middlebrooks v. St. Coletta of Greater Washington, Inc*., 710 F. Supp. 2d 77, 78 (D.D.C. 2010), *aff'd*, 2011 WL 1770464 (D.C. Cir. Apr. 4, 2011), *cert. denied*, 565 U.S. 879 (2011) (citations and internal quotation marks omitted).

Similarly, under 28 USC § 455(b), a judge shall disqualify herself "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 USC § 455(b)(1). A party moving for recusal pursuant to Section 455(b) must likewise demonstrate "actual bias or prejudice based upon an extrajudicial source." *Middlebrooks*, 710 F. Supp. 2d at 79 (citations omitted).

Here, Plaintiff's request for recusal appears largely based on the undersigned Judge's rulings in another, similar action brought by Plaintiff, *Nodormo v. Sessions*, 18-cv-2339(CKK). However, "judicial rulings are almost never grounds for a claim of bias or impartiality." *Ramos v. U.S. Dep't of Justice*, 682 F. Supp. 2d 20, 24 (D.D.C. 2010) ("Although the plaintiff complains that the court has granted every motion filed by the defendants and denied every motion filed by the plaintiff, the law is clear that judicial rulings are almost never grounds for a claim of bias or impartiality."); *S. Pac. Comm'ns v. Am. Tel & Tel. Co*., 740 F.2d 980, 995 (D.C. Cir. 1984) ("statistical one-sidedness of the trial court's evidentiary, factual and legal rulings simply cannot be used to support an inference of judicial bias"). "Opinions formed by a judge 'do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Rafferty v. NYNEX Corp*., 60 F.3d 844, 848 (D.C. Cir. 1995) (quoting *Liteky v. United States*, 510 U.S. 540, 550 (1994)). Plaintiff does not explain how the Court's ruling against him in the previous litigation would prevent the fair adjudication of this case. Plaintiff further points to no evidence of judicial bias by the undersigned Judge. Nor

has Plaintiff identified any extrajudicial acts by this Court that demonstrate pervasive bias or prejudice against Plaintiff. Lacking greater specificity or evidence of bias, the Court finds that its prior dismissal of a case brought by Plaintiff is insufficient grounds for recusal.

The Court next addresses Plaintiff's argument that the undersigned Judge should recuse because a judge cannot also serve as a witness. The Court agrees that a judge cannot serve as a witness in a case over which that judge is presiding. However, besides dismissing previous, similar claims, the undersigned Judge has no connection to Plaintiff's claims in this lawsuit. Any personal knowledge of Plaintiff's claims has been acquired solely from the discharge of official judicial duties in the prior litigation. And, "[k]nowledge gained from the judge's discharge of his judicial function is not a ground for disqualification under 28 U.S.C. § 455(b)(1)." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 447-48 (2d Cir. 2005) (not recusing magistrate judge who had personal knowledge of the settlement agreement based on his judicial duty to oversee the settlement conference); *see also United States v. Patrick*, 542 F.2d 381, 390 (7th Cir. 1976) ("facts learned by a judge in his judicial capacity cannot be the basis for disqualification"). Moreover, Plaintiff has provided no explanation as to why or on what grounds the undersigned Judge would be required to serve as a witness in this matter. "Unsubstantiated speculation about the possibility that the judge will be required to be a material witness concerning a disputed issue is not enough to require recusal." *United States v. Salemme*, 164 F. Supp. 2d 49, 78 (D. Mass. 1998) (internal quotation marks omitted). "Recusal is only required where particularized facts demonstrate that a judge will likely testify as a material witness," and, here, Plaintiff has provided no more than generalized speculation. *Arrowood Indem. Co. v. City of Warren, Mich.*, 54 F. Supp. 3d 723, 727 (E.D. Mich. 2014). Absent the requirement of particularized facts,

litigants could engage in "judge shopping" through baseless allegations that the assigned judge might be called as a witness.

Based on the foregoing, the Court finds that Plaintiff has failed to present any legitimate grounds for recusal. As such, the Court DENIES Plaintiff's Motion to Recuse and will proceed to Defendants' Motion to Dismiss.

## B. Dismissal

Plaintiff primarily brings three claims in his Complaint. First, Plaintiff alleges that his assets, including bank accounts, businesses, and other properties, were wrongfully forfeited. Second, Plaintiff contends that the government violated the False Claims Act. Third, Plaintiff claims that Defendants' wrongful taking of his funds violated 12 USC § 1817 and resulted in bank penalties. Defendants have moved for the dismissal of all of Plaintiff's claims. The Court concludes that Plaintiff has failed to state a claim for which relief may be granted.

The Court begins by addressing Plaintiff's preliminary, procedural argument. Plaintiff argues that "defendant never responded to Judge Amy Berman Jackson's orders of April 10, 2020, to Plaintiff's motions." ECF No. 9, 1. The docket shows no order from Judge Berman Jackson on April 10, 2020. Instead, the Court assumes that Plaintiff refers to her March 17, 2020 minute order stating that "Defendants must file a responsive pleading to plaintiff's complaint by April 10, 2020." Mar. 17, 2020 Minute Order.  Plaintiff appears to argue that, because an answer has not yet been filed, Defendants are in violation of a court Order. However, Plaintiff fails to recognize that Defendants did respond to his Complaint by filing a Motion to Dismiss on April 10, 2020. ECF No. 6. Under Federal Rule of Civil Procedure 12, if a defendant files a motion to dismiss, an answer to the complaint is not required until 14 days after notice of the court's action, if the court denies or otherwise postpones resolution of the motion. Fed. R. Civ. P.

12(a)(4)(A). As Defendants have filed a Motion to Dismiss, they have complied with the Court's order and any Answer to Plaintiff's Complaint is not yet due.

Plaintiff also appears to argue that he is entitled to an "initial conference for presentation of the facts, truth and evidence in black and white under oath for Defendant as well for Plaintiff to set the trial." ECF No. 13, 1. A Court is not required to conduct a hearing or initial conference when there is a pending motion to dismiss. Pursuant to Federal Rule of Procedure 16, a court may schedule a pretrial conference for purposes such as expediting an action, case management, discouraging waste, improving preparation, and facilitating settlement. Fed. R. Civ. P. 16(a). Here, the Court finds that none of these purposes would be served by a pretrial conference. Similarly, under the local rules, it is in the Court's discretion whether or not to hold an oral hearing to resolve a motion. LCvR 7(f).  And, again, the Court finds that holding an oral hearing would not assist in resolving the merits of the parties' motions. In this case, the legal issues are clear, and holding a hearing would not assist the Court's resolution.

Finally, Plaintiff is not entitled to a trial on the merits of his claims until the parties have proceeded past the dispositive motions and discovery stages. As such, at this time, Plaintiff is not entitled to a trial given the current phase of litigation.

## 1.  Forfeiture Challenges

The Court next moves to Plaintiff's claim that his assets, including bank accounts, businesses, and other properties, were wrongfully forfeited. The court finds that this claim should be dismissed for at least two reasons. First, this claim is barred by issue and claim preclusion. Second, Plaintiff cannot collaterally attack forfeiture orders through a civil complaint in this Court.

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Const. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted). Under the doctrine of res judicata, a prior judgment on the merits of a plaintiff's claim bars the relitigation of the claim and any other claims that could have been submitted to the Court. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (res judicata bars not only those issues that were previously litigated, but also those that could have been but were not raised); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that res judicata "forecloses all that which might have been litigated previously"). Here, review of the docket in Plaintiff's prior case, *Nodoromo*, 18-2339(CKK), shows that plaintiff either has raised or has had an opportunity to raise the claims set forth in the instant complaint.

In his prior lawsuit, Plaintiff brought claims that the government improperly seized his funds and property as a result of forfeiture orders in *James*, Case No. 6-cr-19-EGS and the grant of summary judgment in *$455,273.72*, Case No. 5-cv-356-EGS. Plaintiff again raises this same claim in the current lawsuit. However, that issue was necessarily determine when the Court dismissed Plaintiff's case in its July 2, 2019 Order. *Nodoromo*, 18-2339(CKK), ECF Nos. 13, 14. Additionally, the D.C. Circuit affirmed the dismissal of Plaintiff's case. *Id*. at ECF No. 17. Plaintiff presents no reason that he should not be bound by that prior judgment.

In the current lawsuit, Plaintiff does bring a claim that he did not raise previously. He argues that Defendants violated 12 U.S.C. § 1817 by robbing him and that he is entitled to a bank penalty. However, this legal theory of liability is still based on the same previously-challenged forfeitures and could have been raised previously. *See Lewis v. Drug Enforcement Admin.*, 777 F. Supp. 2d 151, 163 (D.D.C. 2011), *aff'd*, No. 11-5152, 2012 WL 1155698 (D.C. Cir. Mar. 8,

2012) (explaining that a litigant cannot avoid preclusion by raising new legal theories that could have been raised previously). The same is true for any other various legal theories related to the forfeitures that Plaintiff may have raised for the first time in this lawsuit.

Accordingly, Plaintiff's claims challenging his forfeitures should be dismissed on the grounds of claim and issue preclusion.

However, even if these claims were not barred, they would still fail. Plaintiff cannot collaterally attack another court's grant of forfeiture through a civil complaint in this Court. *See 37 Associates, Trustee for the 37 Forrester Street, SW Trust v. REO Const. Consultants, Inc*., 409 F. supp. 2d 10, 14 (D.D.C. 2006) (explaining that an in rem forfeiture "is not subject to collateral attack in any other court"); *Roberts v. United States*, 141 F.3d 1468, 1471 (11th Cir. 1998) (explaining that the plaintiff could not file a separate civil suit to collaterally attack the injunctions issued by a court in a criminal forfeiture case).

Moreover, the Court notes that Plaintiff's attacks on the forfeiture of his funds and property are specious. As the D.C. Circuit noted when summarily affirming the district court's forfeiture order over Plaintiff's property, "[Plaintiff's] underlying criminal convictions collaterally estop him from arguing that he did not commit the offenses and that his funds and vehicles lacked the requisite nexus to those offenses." *United States v. $455,273.72*, Case No. 11-5327 (D.C. Cir), March 7, 2012 Order, 1 (citing *Emich Motors Corp. v. General Motors Corp*., 340 U.S. 558, 568 (1951) ("[I]t is well established that a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding.")); *see also Ndoromo v. Barr*, Case No. 19-5211 (D.C. Cir.), Feb. 3, 2020 Order, 1 (affirming previous dismissal of plaintiff's attack on forfeiture). Additionally, the D.C. Circuit explained that "'civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause.'" *Id*. at 2

(quoting *United States v. Ursery*, 518 U.S. 267, 287 (1996)). For these reasons, the Court concludes that Plaintiff's claim collaterally attacking the forfeiture of his funds and property, as ordered by another court, does not state a plausible claim for relief.

### 2.  False Claims Act

While it is unclear, Plaintiff appears to raise a False Claims Act claim in his response. ECF No. 13, 39, 30. Plaintiff also previously raised a False Claims Act claim in his previous lawsuit. *Nodoromo*, 18-2339(CKK), ECF No. 1. As this claim was dismissed in his previous lawsuit, Plaintiff is barred from relitigating it now.

As before, Plaintiff appears to misunderstand the nature of the False Claims Act, 31 U.S.C. § 3729. The purpose of the False Claims Act "is to prevent the commission of fraud against the federal government and to provide for the restitution of money that was taken from the federal government by fraudulent means." *United States v. Satory Global, Inc.*, 946 F. Supp. 2d 69, 80 (D.D.C. 2013) (internal quotation marks omitted). Because the False Claims Act is meant to ensure that funds are not falsely taken from the government, the Court concludes that Plaintiff cannot use the Act to allege that the government has falsely taken funds from him. Plaintiff cites no case in which a court has allowed the False Claims Act to be used in this way. *See Ndoromo v. Barr*, Case No. 19-5211 (D.C. Cir.), Feb. 3, 2020 Order, 2 (affirming dismissal of Plaintiff's prior False Claims Act claim). Accordingly, the Court concludes that Plaintiff's allegations under the False Claims Act do not state a plausible claim for relief.

### 3.  12 USC § 1817

Finally, in his Complaint, Plaintiff cites 12 USC § 1817. Plaintiff argues that Defendants violated the provision stating that "[n]o Person, acting directly or indirectly or through or in concert with one or more other persons, shall acquire control of any insured depository institute

through a purchase, assignment, transfer, pledge, other disposition of voting sock of insured depository institution unless the appropriate Federal Banking Agency has been given sixty days prior written notice of such proposed acquisition and within that time period." ECF No. 1-1, 8. Plaintiff further argues that, based on this violation though the forfeiture of his bank accounts, Defendants owe him a civil penalty of not more than $25,000 for every day of the violation. *Id*.

This claim fails for multiple reasons. First, the Court has already explained that, as this claim is tied to the challenged forfeitures, it is barred by issue preclusion. *See Supra* Sec. III.A. Second, Plaintiff uses his claim under 12 USC § 1817 to collaterally attack the validity of the forfeiture orders. Plaintiff cannot collaterally attack the forfeiture orders in this manner. *Id*. Third, Plaintiff has provided no case in which this statute was used against the Government when the Government's taking of funds was approved by court order. And, Plaintiff has failed to provide any factual allegations as to how Defendants violated this statute. Finally, there does not appear to have been a waiver of sovereign immunity as to the statute.

For these reasons, the Court finds that Plaintiff has failed to state a claim for the violation of 12 USC § 1817.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's [9] Motion for Recusal and GRANTS Defendants' [6] Motion to Dismiss. Plaintiff has failed to state a legitimate reason for the undersigned Judge's recusal. And, reading Plaintiff's Complaint and other filings in the light most favorable to him, Plaintiff has failed to allege any facts which state a plausible claim for relief.  An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge
